**PING WANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,* Respondent.**

No. 08–4490–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2009.

Wendy Tso, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Jennifer Paisner Williams, Senior Litigation Counsel; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, United States De-

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Attorney General Michael B. Mukasey as respondent in this case.

partment of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ping Wang, a native and citizen of the People's Republic of China, seeks review of an August 15, 2008 order of the BIA denying her motion to reopen. *In re Ping Wang*, No. A095 467 867 (B.I.A. Aug. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

We find that the agency did not err in denying Wang's untimely motion to reopen because we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Wang argues that the BIA erred in according diminished weight to the 2008 Fuzhou City Mawei District document because it had a seal and was therefore a reliable document. That argument is unavailing, as that BIA reasonably questioned the document because it was a "black and white copy, does not contain an *original* signature or seal, has no indicia of authenticity, and otherwise contains no authenticating information (italics added)." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).